UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :

UNITED STATES OF AMERICA,       :

                                          :      <u>ECF</u>

             - v -                          :      15 Cr. 201 (LTS)

JORGE LEYVA,                             :

           Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SUR-REPLY OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT'S MOTION TO SUPRESS**

                                                          PREET BHARARA
                                                          United States Attorney for the
                                                          Southern District of New York

Eli J. Mark/Rebecca Mermelstein
Assistant United States Attorneys
 *Of Counsel*

Preliminary Statement ................................................................................................................ 1
Argument .................................................................................................................................... 1
    I.    The Defendant Bears the Burden to Establish That There is a Factual Dispute
Necessitating a Hearing ........................................................................................................ 1
        A.    Applicable Law ........................................................................................................ 1
        B.    Discussion ................................................................................................................ 2
    II.    Defendant Has Failed to Make the Requisite Showing Entitling Him to a *Franks*
Hearing .................................................................................................................................. 4
        A.    Applicable Law ........................................................................................................ 4
        B.    Discussion ................................................................................................................ 5
Conclusion .................................................................................................................................. 7

**Preliminary Statement**

The Government respectfully submits this Sur-Reply to briefly respond to two new arguments raised in defendant Jorge Leyva's ("Leyva") reply brief in support of his motion seeking suppression of (i) physical evidence recovered by detectives and a sergeant of the New York City Police Department ("NYPD") in connection with the defendant's arrest on January 6, 2015, for possession of narcotics and a firearm; (ii) statements the defendant made to the NYPD on the date of his arrest; and (iii) physical evidence obtained pursuant to a search warrant of the defendant's cellular telephone.  In particular, the defendant now argues that (i) a hearing is necessary to explore the facts surrounding the defendant's arrest; and (ii) a *Franks* hearing is necessary with regard to the search warrant for the defendant's phone.  The defendant is wrong.  The defendant's demand for a hearing regarding the circumstances of his arrest is a blatant fishing expedition for which he has not made the requisite showing.  Notwithstanding the defendant's claim to the contrary, the burden is on him to establish a factual dispute warranting a hearing and he has failed to do so.  The defendant's demand for a *Franks* hearing is similarly unavailing.  The defendant has not shown – and indeed, cannot show – that the search warrant's affiant acted in bad faith.  Accordingly, the defendant's motion for a hearing should be denied.

**Argument**

**I.   The Defendant Bears the Burden to Establish That There is a Factual Dispute Necessitating a Hearing**

A.   Applicable Law

A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant establishes a contested issue of material fact.  *See, e.g., United States* v. *Pena*, 961 F.2d 333, 339 (2d Cir. 1992).   The showing must be made by an affidavit of someone with personal knowledge of the underlying facts.  *See United States* v. *Gillette*, 383 F.2d 843, 848 (2d

1

Cir. 1967); *United States* v. *Noble*, 07 Cr. 284 (RJS), 2008 WL 140966, at *1 (S.D.N.Y. Jan. 11, 2008) (stating that, in order to warrant a hearing on a motion to suppress, "the defendant must submit an affidavit by someone with personal knowledge that disputed facts exist"). The moving papers must be "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *Pena*, 961 F.2d at 339 (quotation omitted); *see also United States* v. *Dewar*, 489 F. Supp. 2d 351, 359 (S.D.N.Y. 2007) ("when the allegations contained in such an affidavit are general and conclusory, an evidentiary hearing is unnecessary").

    B.    Discussion

The defendant's request for a hearing is an unabashed fishing expedition predicated on a misstatement of the law. The defendant's request is based on his erroneous assertion that "the burden is on the government to establish the legal basis for the officer's conduct." (Def. Br. at 4). It is further based on the defendant's incorrect claim that he is entitled to a hearing in order to probe the circumstances of his arrest. (Def. Br. at 2) ("a hearing is thus necessary to ascertain what the officers actually observed;" "a hearing is also required to test the validity of the two new allegations"); (*Id.* at 3) ("a hearing is required to fully develop the facts available to the officers"). The defendant is wrong. The facts of the defendant's arrest are set forth in the Complaint and the Search Warrant Affidavit. It is the defendant's burden to establish, through an affidavit from someone with personal knowledge, that there is a disputed issue of material fact.

The defendant concedes that he has failed to establish any disputed issue of material fact and admits that his affidavit fails to even address the circumstances of his stop and ultimate arrest. Instead, in reliance on a single district court decision in *United States* v. *Shamsideen*,

2004 WL 1179305 (S.D.N.Y. May 31, 2004), the defendant argues that the Court may order a hearing absent any showing of a disputed fact where a defendant "does not have knowledge of the essential facts with which to create specific factual disputes" and those facts are uniquely in the position of the Government.  The Government is aware of no other instance in which a District Court granted a hearing on such a theory.  Even assuming arguendo that *Shamisdeen* was correct, it is inapplicable here.  In *Shamisideen*, the defendant wished to challenge the reliability of confidential informants – information which was uniquely in the Government's possession.  Here, however, the facts surrounding the defendant's stop and ultimate arrest are equally known to both the defendant and the Government.  The stop of the defendant arose after law enforcement officers observed him walking down the street in an area of the Bronx with high gang and drug activity.  Compl. ¶ 4(a).  The defendant was looking over his shoulder frequently.  Compl. ¶ 4(b).  He entered and exited a building and then jaywalked across the street towards the officers' vehicle.  Compl. ¶ 4(b)-(c).  After one of the officers stepped out of the vehicle and identified himself as a law enforcement officer, the defendant immediately ran away.  Compl. ¶ (4)(d).  The facts here are thus not uniquely in the possession of the Government.  The defendant himself has full knowledge of his demeanor as he walked down the street, his comings and goings in and out of buildings, his jaywalking and his flight from the police.  The nature of the neighborhood's criminal activity is not uniquely in the possession of the Government.  The defendant is thus perfectly able to dispute the facts set forth by the Government in this case.  Notwithstanding his access to those facts, he has failed to submit any affidavit – let alone a definite, specific, and detailed one – contesting any of the relevant facts.  Accordingly, his request for a hearing must be denied.

## II. Defendant Has Failed to Make the Requisite Showing Entitling Him to a *Franks* Hearing

### A. Applicable Law

A search warrant affidavit is presumed reliable. *See Franks* v. *Delaware*, 438 U.S. 154, 171 (1978); *United States* v. *Klump*, 536 F.3d 113, 119 (2d Cir. 2008). "The task of a reviewing court is simply to ensure that the 'totality of the circumstances' afforded the [issuing judge] a 'substantial basis for making the requisite probable cause determination." *United States* v. *Clark*, 638 F.3d 89, 93 (2d. Cir. 2011) (quoting *Illinois* v. *Gates* 462 U.S. 213, 238 (1983)). In certain limited circumstances "a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *United States* v. *Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003). Not every statement in a warrant affidavit must be true. *United States* v. *Canfield*, 212 F.3d 713, 717 (2d Cir. 2000). To invoke the *Franks* doctrine, the defendant must demonstrate that there were intentional misstatements or omissions in the search warrant affidavit and that those misstatements or omissions were material. *See Awadallah*, 349 F.3d at 64. The defendant must establish both components—i.e., intent and materiality—by a preponderance of the evidence. *See Klump*, 536 F.3d at 119. "The *Franks* standard is a high one." *Rivera* v. *United States*, 928 F.2d 592, 604 (2d Cir. 1991).

To secure a *Franks* hearing, a defendant must make a "'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *United States* v. *Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *Franks*, 438 U.S. at 155-56, 170-71); *see also United States* v. *Barone*, 787 F.2d 811, 814 (2d Cir. 1986) ("[A] hearing is required only if the defendant makes a substantial preliminary showing that a false

4

statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." (quotations omitted)).  In other words, the defendant must show that "after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause."  *United States* v. *Coreas*, 419 F.3d 151 (2d. Cir. 2005).  The burden to even obtain a *Franks* hearing is a heavy one, and such hearings are thus exceedingly rare.  *See United States* v. *Brown*, 744 F. Supp. 558, 567 (S.D.N.Y. 1990) ("A defendant seeking to have the Court hold a *Franks* hearing bears a substantial burden."); *United States* v. *Swanson*, 210 F.3d 788, 790 (7th Cir. 2000) ("These elements are hard to prove, and thus *Franks* hearings are rarely held.").  A misstatement or omission is intentional when "the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth." *Canfield*, 212 F.3d at 717-18.   "To provide reckless disregard for the truth, the defendant[] [must] prove that the affiant in fact entertained serious doubts as to the truth of his allegations." *Rajaratnam*, 719 F.3d at 154.

B.     Discussion

The defendant has failed to make the substantial showing necessary to warrant a *Franks* hearing.  The Supreme Court has held that a defendant's "attack must be more than conclusory . . . . There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171; *see United States* v. *Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (purpose of these requirements is "[t]o avoid fishing expeditions").  "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171.

Here, the defendant argues that the Detective must have acted with a "reckless disregard for the truth" because the two errors in the search warrant affidavit are "not a typo." (Reply Br. at 12). But the fact that the error was not a typo is a far cry from the necessary showing. Indeed, other than pointing to the fact that the affidavit contained errors, the defendant makes no showing whatsoever that the Detective intentionally included inaccurate information in the affidavit. The very nature of the errors in the Affidavit make clear that the Detective would have had no reason to include intentionally false information since the correct information would equally have supported a finding of probable cause. For example, as set forth in the Government's opposition brief, the substance seized from the defendant has, to date, tested positive for cocaine, and not crack cocaine.[1] The precise nature of the illegal narcotic is, however, wholly irrelevant to a probable cause determination and the Affidavit would equally have set forth probable cause whether the specified illegal narcotic was cocaine or crack cocaine. Similarly, the fact that an individual with the name of a known drug dealer was calling the defendant's phone supports a finding of probable cause regardless of the specific number of calls. Given that the more accurate facts would have offered exactly the same support for a probable cause finding, there is simply no basis for an argument that the mere presence of an error establishes that the Detective acted in bad faith.

---

[1] The substance's physical appearance made it appear to be crack cocaine, and further testing is being conducted to ascertain whether it is indeed, crack cocaine.

6

## **Conclusion**

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion to suppress without a hearing.

Dated: New York, New York
       July 7, 2015

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                By:         /s/
                        Eli J. Mark/Rebecca Mermelstein
                        Assistant United States Attorneys
                        (212) 637-2431/2360